| **Fill in this information to identify your case:** | |
|---|---|
| United States Bankruptcy Court for the: DISTRICT OF DELAWARE | |
| Case number *(if known)* _____ Chapter **11** | ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  4/19

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| 1. | Debtor's name | **Hygea Holdings Corp.** |
|---|---|---|
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **20-0532605** |
| 4. | Debtor's address | **Principal place of business**<br>**8700 W Flagler St, Suite 280**<br>**Miami, FL 33174**<br>Number, Street, City, State & ZIP Code<br><br>**Miami-Dade**<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **http://www.hygeaholdings.com** |
| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor **Hygea Holdings Corp.**                                              Case number (*if known*) _____
          Name

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply*
☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
**6211**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | Please see Rider 1 | | Relationship | Affiliate |
| District | Delaware | When | _____ | Case number, if known | _____ |

Debtor  **Hygea Holdings Corp.**                                                      Case number (*if known*) _____
          Name

**11. Why is the case filed in *this district*?**  *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard?  _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other  _____

**Where is the property?**  _____
                                                Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency  _____
         Contact name     _____
         Phone            _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**   *Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49                ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99               ☐ 5001-10,000        ☐ 50,001-100,000
☐ 100-199             ☒ 10,001-25,000      ☐ More than 100,000
☐ 200-999

**15. Estimated Assets**

☐ $0 - $50,000            ☒ $1,000,001 - $10 million      ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000      ☐ $10,000,001 - $50 million     ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000     ☐ $50,000,001 - $100 million    ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million   ☐ $100,000,001 - $500 million   ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000            ☐ $1,000,001 - $10 million      ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000      ☐ $10,000,001 - $50 million     ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000     ☐ $50,000,001 - $100 million    ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million   ☒ $100,000,001 - $500 million   ☐ More than $50 billion

Debtor  Hygea Holdings Corp.
        Name                                              Case number (if known)

**Request for Relief, Declaration, and Signatures**

WARNING – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

    The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

    I have been authorized to file this petition on behalf of the debtor.

    I have examined the information in this petition and have a reasonable belief that the information is true and correct.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on  02/19/2020
                 MM / DD / YYYY

    X /s/ Keith Collins                    Keith Collins, M.D.
    Signature of authorized representative of debtor    Printed name

    Title  Authorized Signatory

18. **Signature of attorney**

    X /s/ J. Kate Stickles                  Date  02/19/2020
    Signature of attorney for debtor              MM / DD / YYYY

    J. Kate Stickles
    Printed name

    Cole Schotz P.C.
    Firm name

    500 Delaware Avenue, Suite 1410
    Wilmington, DE 19801
    Number, Street, City, State & ZIP Code

    Contact phone  302-652-3131    Email address  kstickles@coleschotz.com

    (No. 2917) DE
    Bar number and State

    X /s/ Felice R. Yudkin                  Date  02/19/2020
    Signature of attorney for debtor              MM / DD / YYYY

    Felice R. Yudkin
    Printed name

    Cole Schotz P.C.
    Firm name

    25 Main Street
    Hackensack, NJ 07601
    Number, Street, City, State & ZIP Code

    Contact phone  201-489-3000    Email address  fyudkin@coleschotz.com

    (No. 014962005) NJ
    Bar number and State

# RIDER 1

Pending Bankruptcy Cases Filed by Affiliated Entities

On the date hereof, each of the related entities listed below (collectively, the "Debtors"), including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532. A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

ALL CARE MANAGEMENT SERVICES, INC.
FIRST HARBOUR HEALTH MANAGEMENT, LLC
FIRST HARBOUR MEDICAL CENTERS, LLC
FLORIDA GROUP HEALTHCARE LLC
GEMINI HEALTHCARE FUND, LLC
HYGEA ACQUISITION LONGWOOD, LLC
HYGEA ACQUISITION ORLANDO, LLC
HYGEA HEALTH HOLDINGS, INC.
HYGEA HOLDINGS CORP.
HYGEA IGP OF CENTRAL FLORIDA, INC.
HYGEA IGP, LLC
HYGEA MEDICAL CENTERS OF FLORIDA, LLC
HYGEA MEDICAL PARTNERS, LLC
HYGEA OF DELAWARE, LLC
HYGEA OF GEORGIA, LLC
HYGEA OF PEMBROKE PINES, LLC
HYGEA PRIMUM ACQUISITION, INC.
MEDLIFE ACTIVITY CENTER, LLC
MOBILE CLINIC SERVICES, LLC
PALM A.C. MSO, LLC
PALM ALLCARE MEDICAID MSO, INC.
PALM ALLCARE MSO, INC.
PALM MEDICAL GROUP, INC.
PALM MEDICAL MSO LLC
PALM MEDICAL NETWORK, LLC
PALM MSO SYSTEM, INC.
PALM PGA MSO, INC.
PHYSICIAN MANAGEMENT ASSOCIATES EAST COAST, LLC
PHYSICIAN MANAGEMENT ASSOCIATES SE, LLC
PHYSICIANS GROUP ALLIANCE, LLC
PRIMUM ALTERNATIVES, INC.
PRIMUM HEALTHCARE, LLC
PROFESSIONAL HEALTH CHOICE, INC.

**SECRETARY'S CERTIFICATE FOR RESOLUTIONS OF
HYGEA HOLDINGS CORP.
ALL CARE MANAGEMENT SERVICES, INC.
HYGEA HEALTH HOLDINGS, INC.
HYGEA IGP OF CENTRAL FLORIDA, INC.
HYGEA PRIMUM ACQUISITION, INC.
PALM ALLCARE MEDICAID MSO, INC.
PALM ALLCARE MSO, INC.
PALM MEDICAL GROUP, INC.
PALM MSO SYSTEM, INC.
PALM PGA MSO, INC.
PRIMUM ALTERNATIVES, INC.
PROFESSIONAL HEALTH CHOICE, INC.**

The undersigned, being the Secretary of Hygea Holdings Corp., a Nevada corporation ("HHC"), and the following direct or indirect subsidiaries of HHC (collectively, the "Corporate Subsidiaries"): All Care Management Services, Inc., a Florida corporation; Hygea Health Holdings, Inc., a Florida corporation; Hygea IGP of Central Florida, Inc., a Florida corporation; Hygea Primum Acquisition, Inc., a Florida corporation; Palm Allcare Medicaid MSO, Inc., a Florida corporation; Palm Allcare MSO, Inc., a Florida corporation; Palm Medical Group, Inc., a Florida corporation; Palm MSO System, Inc., a Florida corporation; Palm PGA MSO, Inc., a Florida corporation;  Primum Alternatives, Inc., a Florida corporation; and Professional Health Choice, Inc., a Florida corporation, does hereby certify as follows:

A special meeting of the Board of Directors (the "Board") of HHC and the Boards of Directors of each of the Corporate Subsidiaries was held on February 12, 2020 at 5:30 p.m. (ET) (the "Meeting"). Present at the Meeting were the following members of the Board: Daniel T. McGowan, Edward Moffly, Jack Mann, M.D., Glenn Marrichi, and Keith Collins, M.D., representing a quorum of the Board, and Keith Collins, M.D., in his capacity as sole director of each of the Corporate Subsidiaries.

Attached hereto as Exhibit A is a true, correct and complete copy of the resolutions duly adopted at the Meeting (the "Resolutions").  The Resolutions have not been modified or rescinded in whole, in part or in any respect and are in full force and effect.

IN WITNESS WHEREOF, the undersigned, in his capacity as Secretary of HHC and each of the Corporate Subsidiaries, has duly executed and caused this certificate to be delivered as of February 12, 2020.

> **HYGEA HOLDINGS CORP.
> ALL CARE MANAGEMENT SERVICES, INC.
> HYGEA HEALTH HOLDINGS, INC.
> HYGEA IGP OF CENTRAL FLORIDA, INC.
> HYGEA PRIMUM ACQUISITION, INC.
> PALM ALLCARE MEDICAID MSO, INC.
> PALM ALLCARE MSO, INC.
> PALM MEDICAL GROUP, INC.
> PALM MSO SYSTEM, INC.**

PALM PGA MSO, INC.
PRIMUM ALTERNATIVES, INC.
PROFESSIONAL HEALTH CHOICE, INC.

By: *[signature: Keith Collins]*
Name: Keith Collins, M.D.
Title:  Secretary

**EXHIBIT A**

**RESOLUTIONS OF THE BOARDS OF DIRECTORS (COLLECTIVELY, THE "BOARDS") OF HYGEA HOLDING CORP. ("HHC"); AND**

**ALL CARE MANAGEMENT SERVICES, INC.
HYGEA HEALTH HOLDINGS, INC.
HYGEA IGP OF CENTRAL FLORIDA, INC.
HYGEA PRIMUM ACQUISITION, INC.
PALM ALLCARE MEDICAID MSO, INC.
PALM ALLCARE MSO, INC.
PALM MEDICAL GROUP, INC.
PALM MSO SYSTEM, INC.
PALM PGA MSO, INC.
PRIMUM ALTERNATIVES, INC.
PROFESSIONAL HEALTH CHOICE, INC.
(THE "CORPORATE SUBSIDIARIES" AND TOGETHER WITH HHC AND THE LLC SUBSIDIARIES (AS DEFINED BELOW), EACH A "COMPANY" AND COLLECTIVELY, THE "COMPANIES")**

**February 12, 2020**

1. **Chapter 11 Filings**

The Boards, with the assistance of the management and legal and financial advisors of the Companies, have previously evaluated and investigated potential strategies for the restructuring and refinancing of the Companies, which included the potential filing of petitions by the Companies seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

The Boards having considered, among other things, the liabilities and liquidity situation of the Companies, the strategic alternatives available to the Companies and the effect of the foregoing on the Companies' businesses, have determined, after consultation with management and the legal and financial advisors of the Companies, that it is desirable and in the best interests of the Companies, their creditors and other parties in interest, that HHC, the Corporate Subsidiaries and the following directly and indirectly owned subsidiaries of HHC, each of which is managed by HHC (collectively, the "LLC Subsidiaries," and together with the Corporate Subsidiaries, the "Subsidiaries"): (i) First Harbour Health Management, LLC, a Florida limited liability company; (ii) First Harbour Medical Centers, LLC, a Florida limited liability company; (iii) Florida Group Healthcare LLC, a Florida limited liability company; (iv) Gemini Healthcare Fund, LLC, a Florida limited liability company (v) Hygea Acquisition Longwood, LLC, a Florida limited liability company; (vi) Hygea Acquisition Orlando, LLC, a Florida limited liability company; (vii) Hygea IGP, LLC, a Florida limited liability company; (viii) Hygea Medical Centers of Florida, LLC, a Florida limited liability company; (ix) Hygea Medical Partners, LLC, a Florida limited liability company; (x) Hygea of Delaware, LLC a Delaware limited liability company; (xi) Hygea of Georgia, LLC, a Georgia limited liability company;

(xii) Hygea of Pembroke Pines, LLC, a Florida limited liability company; (xiii) Medlife Activity Center, LLC, a Florida limited liability company; (xiv) Mobile Clinic Services, LLC, a Florida limited liability company; (xv) Palm A.C. MSO, LLC, a Florida limited liability company; (xvi) Palm Medical MSO LLC, a Florida limited liability company; (xvii) Palm Medical Network, LLC, a Florida limited liability company; (xviii) Physician Management Associates East Coast, LLC, a Florida limited liability company; (xix) Physician Management Associates SE, LLC, a Florida limited liability company; (xx) Physicians Group Alliance, LLC, a Florida limited liability company; (xxi) Physicians Group Alliance of South Florida, LLC, a Florida limited liability company; and (xxii) Primum Healthcare, LLC, a Florida limited liability company, file voluntary petitions for relief (the "Petitions") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), for the purpose of initiating bankruptcy cases (the "Bankruptcy Cases").  Accordingly, after discussion of the foregoing, it was:

    **RESOLVED**, that Keith Collins, M.D., the Chief Executive Officer of HHC, or any other officer, manager, member and board of directors member, as applicable, of each Company (each an "Authorized Signatory" and collectively, the "Authorized Signatories") is empowered, authorized and directed, on behalf of each Company, to execute and verify the Petitions as well as any other documents, schedules, motions, lists, applications, pleadings, orders and other documents (the "Chapter 11 Filings"), to cause the Petitions and the Chapter 11 Filings to be filed with the Bankruptcy Court, and to take and perform any further acts and deeds that such Authorized Signatories deem necessary, appropriate or desirable in connection with the Bankruptcy Cases, including, without limitation, directing the Subsidiaries to execute and verify any such documents, schedules, motions, lists, applications, pleadings, orders and other documents on behalf of other Subsidiaries in which the former has the authority to act, and paying fees, expenses and taxes.

    **RESOLVED FURTHER**, that the Authorized Signatories of each Company are empowered, authorized and directed to cause each Company to continue to conduct business operations in the ordinary course during the pendency of the Bankruptcy Cases, subject to the restrictions of the Bankruptcy Court and the obligations of HHC and the Subsidiaries, as applicable, set forth in the RSA (as defined below).

    **2. Restructuring Support Agreement**

    The Boards next reviewed and discussed entering into a Restructuring Support Agreement. After such discussion it was:

    **RESOLVED**, that in connection with the Bankruptcy Cases, the Boards have determined it desirable and in the best interests of each Company, its creditors, and other parties in interest that HHC and certain of the Subsidiaries, as applicable, enter into that certain Restructuring Support Agreement (the "RSA"), by and among each of HHC and certain of the Subsidiaries on one hand (collectively, the "Company RSA Parties"), and Bridging Income Fund LP ("Lender") and Bridging Finance, Inc. ("Administrative Agent") on the other hand, substantially in the form presented to the Boards in advance or on of the date hereof, and that each of the Company RSA Parties shall be, and hereby are, authorized to enter into with RSA with such changes, additions and modifications thereto as the Authorized Signatory executing the same shall approve, such

2

approval to be conclusively evidenced by such the Authorized Signatory's execution and delivery thereof.

**RESOLVED FURTHER**, that the Authorized Signatories of each Company RSA Party are empowered, authorized and directed, with full power of delegation, on behalf of the Company RSA Parties, to cause the Company RSA Parties to negotiate, execute and deliver the RSA and any related documents contemplated thereby, in such form and with such on changes or amendments as any such Authorized Signatory shall approve as necessary or desirable.

### 3. Debtor-in-Possession Financing and Cash Collateral Use

The Boards next reviewed and discussed debtor-in-possession financing and related matters. After such discussion, it was:

**RESOLVED**, that in connection with the Bankruptcy Cases, the Boards have determined it desirable and in the best interests of each Company, its creditors, and other parties in interest that HHC and certain Subsidiaries, as applicable, enter into that certain Debtor-in-Possession Financing Term Sheet (the "DIP Term Sheet"), by and among each of HHC and certain of the Subsidiaries, on one hand (collectively, the "Company DIP Parties"), and the Lender and the Administrative Agent, on the other hand, substantially in the form presented to the Boards in advance or on of the date hereof; and the Authorized Signatories of each Company DIP Party are, and each of them is, authorized and empowered to obtain post petition financing according to the terms of the DIP Term Sheet, including debtor-in-possession credit facilities and the use of cash collateral (the "DIP Financing"); and to enter into any guarantees, to provide adequate protection to the DIP Lender and incur obligations related thereto, and to pledge and grant liens on the assets of the Companies, as may be contemplated by or required under the terms of such DIP Financing; and in connection therewith, the Authorized Signatories of each Company DIP Party are hereby authorized and directed to execute any appropriate loan agreements, cash collateral agreements, related ancillary documents, supplemental agreements, instruments, amendments, restatements, amendment and restatements, modifications, renewals, replacements, consolidations, substitutions, extensions, bills, notes, or certificates on behalf of the Companies which shall be necessary, proper or advisable in order to perform the obligations of the Company DIP Parties under or in connection with any of the foregoing.

### 4. Sale and Restructuring Transactions

The Boards next reviewed and discussed sale and restructuring transactions. After such discussion, it was:

**RESOLVED**, that the Boards have determined, in light of current circumstances and after consultation with management and the legal and financial advisors of the Companies, and in connection with the filing of the Bankruptcy Cases, that it is in the best interests of each Company, its creditors and other parties in interest to authorize the Companies to negotiate and enter into one or more sale or other restructuring transactions (collectively, the "Transactions").

**RESOLVED FURTHER**, that the Authorized Signatories of each Company are empowered, authorized and directed, with full power of delegation, on behalf of each Company,

3

to take actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of any agreements, certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of the Transactions to which each such Company is or will be a party, including, but not limited to, any asset purchase agreement, chapter 11 plan, disclosure statement and ancillary documents related thereto (collectively, the "Transaction Documents").

**RESOLVED FURTHER**, that the Authorized Signatories of each Company are empowered, authorized and directed, with full power of delegation, on behalf of each Company, to take any and all actions to (i) obtain Bankruptcy Court approval of the Transaction Documents in connection with the Transactions and (ii) obtain Bankruptcy Court approval of any Transactions.

**RESOLVED FURTHER**, that the Authorized Signatories of each Company are empowered, authorized and directed, with full power of delegation, on behalf of each Company to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in his or her judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

### 5. Retention of Advisors

The Boards next discussed the retention of professional advisors. After such discussion, it was:

**RESOLVED**, that the Authorized Signatories of each Company are empowered, authorized and directed to continue to retain, on behalf of each Company, the law firm of Cole Schotz P.C. ("Cole Schotz") to render general legal advice and in the event that the Petitions are filed, to represent the Companies in connection with such proceedings and all other related matters in connection therewith, in such capacity and on such terms as the Authorized Signatories may approve and/or have previously approved.

**RESOLVED FURTHER**, that the Authorized Signatories of each Company are empowered, authorized and directed to continue to retain, on behalf of each Company, Alvarez & Marsal North America, LLC ("A&M") to serve as financial advisor to the Companies and in the event that the Petitions are filed, to continue to provide such services to the Companies in connection with such proceedings and all other related matters in connection therewith, in such capacity and on such terms as the Authorized Signatories may approve and/or have previously approved.

**RESOLVED FURTHER**, that the Authorized Signatories of each Company are empowered, authorized and directed to continue to retain, on behalf of each Company, Epiq Corporate Restructuring, LLC ("Epiq") to serve as claims and noticing agent and administrative agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Companies in

the Bankruptcy Cases, including with respect to noticing, claims management and reconciliation, plan solicitation, balloting, disbursements and assisting with the preparation of the schedules of assets and liabilities and statements of financial affairs of the Companies.

**RESOLVED FURTHER**, that the Authorized Signatories of each Company are empowered, authorized and directed, on behalf of each Company, to continue the employment and retention of professionals in the ordinary course as long as they deem appropriate and in the Bankruptcy Cases to retain and employ other attorneys, accountants and other professionals to assist in the Bankruptcy Cases on such terms as are deemed necessary, proper or desirable.

**RESOLVED FURTHER**, that the Authorized Signatories are empowered, authorized and directed to execute any appropriate engagement letters and agreements and such other documents necessary to retain Cole Schotz, A&M, Epiq and any other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel and other professionals not specifically identified herein (the "Professionals"), and to cause the Companies to pay appropriate retainers to such Professionals prior to the filing of the Bankruptcy Cases or after to the extent appropriate and permitted in the Bankruptcy Cases, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such Professionals.

6. **General Authorization**

After discussion, it was:

**RESOLVED**, that the Authorized Signatories of each Company are empowered, authorized and directed, on behalf of each Company, to take, from time to time, any and all such actions and to execute and deliver from time to time any and all such agreements, amendments, instruments, requests, receipts, applications, reports, certificates and other documents, and to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers and documents necessary or desirable in connection with the foregoing resolutions, and to take any and all action deemed necessary, proper or desirable in connection with the foregoing resolutions and to carry out and perform the purposes of the foregoing resolutions.

**RESOLVED FURTHER**, that the omission from the foregoing resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Signatories to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions.

**RESOLVED FURTHER**, that any and all actions lawfully done for and on behalf of the Companies by any Authorized Signatory or Professional engaged by the Companies with respect to any transactions contemplated by the foregoing resolutions, before or after their adoption, are

ratified, authorized, approved, adopted in good faith, and consented to in all respects for all purposes.

**RESOLVED FURTHER**, that the foregoing resolutions were adopted at Special Meetings of the Boards, and the directors present hereby waive all requirements as to notice of a Special Meeting.

60437/0001-18973018v12

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| HYGEA HOLDINGS CORP. | : | Case No. 20-_____ (___) |
|  | : |  |
| Debtor. | : | (Joint Administration Pending) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of Hygea Holdings Corporation certifies that no entity owns 10% or more of its equity interests.

**Fill in this information to identify the case:**

Debtor name __Hygea Holdings Corp._____

United States Bankruptcy Court for the: __DISTRICT OF DELAWARE_____

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
☐ Schedule H: Codebtors (Official Form 206H)
☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
☐ Amended Schedule _____
☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
☒ Other document that requires a declaration   __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __2/19/2020__   X _/s/ Keith Collins_____
                              Signature of individual signing on behalf of debtor

                              __Keith Collins, M.D.__
                              Printed name

                              __Authorized Signatory__
                              Position or relationship to debtor