# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HYGEA HOLDINGS CORP., *et al.*,[1] | Case No. 20-10361 (KBO) |
| Debtors. | Jointly Administered |

## NEVADA 5, INC.'S EMERGENCY PRECAUTIONARY
## MOTION FOR RELIEF FROM AUTOMATIC STAY

Nevada 5, Inc. ("Nevada 5") respectfully requests the Court to consider this motion seeking relief from the automatic stay (the "Motion") on an emergency basis, on or before Friday, **February 28, 2020**. As set forth below, Nevada 5 is required to file a Second Amended Complaint against Debtor Hygea Health Holdings, Inc. by Monday, March 2, 2020 in an action pending before the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. In support of this Motion, Nevada 5 states as follows:

### Relief Requested

1. Nevada 5 seeks an order from this Court granting it relief from the automatic stay solely to file its Second Amended Complaint as required by court order and to pursue pending discovery from the Debtor relating to claims against non-debtor parties to the lawsuit.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: All Care Management Services, Inc. (6484); First Harbour Health Management, LLC (0941); First Harbour Medical Centers, LLC (3861); Florida Group Healthcare LLC (7956); Gemini Healthcare Fund, LLC (4928); Hygea Acquisition Longwood, LLC (1649); Hygea Acquisition Orlando, LLC (3507); Hygea Health Holdings, Inc. (8926); Hygea Holdings Corp. (2605); Hygea IGP of Central Florida, Inc. (9453); Hygea IGP, LLC (7724); Hygea Medical Centers of Florida, LLC (5301); Hygea Medical Partners, LLC (4486); Hygea of Delaware, LLC (4830); Hygea of Georgia, LLC (5862); Hygea of Pembroke Pines, LLC (6666); Hygea Primum Acquisition, Inc. (8567); Medlife Activity Center, LLC (2311); Mobile Clinic Services, LLC (9758); Palm A.C. MSO, LLC (2585); Palm Allcare Medicaid MSO, Inc. (6956); Palm Allcare MSO, Inc. (0319); Palm Medical Group, Inc. (5028); Palm Medical MSO LLC (7738); Palm Medical Network, LLC (9158); Palm MSO System, Inc. (2178); Palm PGA MSO, Inc. (8468); Physician Management Associates East Coast, LLC (7319); Physician Management Associates SE, LLC (3883); Physicians Group Alliance, LLC (7824); Primum Alternatives, Inc. (7441); Primum Healthcare, LLC (0157); and Professional Health Choice, Inc. (6850). The address of the Debtors' corporate headquarters is 8700 W Flagler Street, Suite 280, Miami, FL 33174.

**Jurisdiction and Venue**

2. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Nevada 5 consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The legal predicates for the relief requested herein are 11 U.S.C. § 362(d) and Federal Rule of Bankruptcy Procedure 4001(a)(1).

**Relevant Factual and Procedural Background**

5. On May 16, 2019, Nevada 5 initiated a lawsuit against multiple non-debtors to this action in the Circuit Court in and for Miami-Dade County, Florida, Case No. 19-014926-CA-44 (the "Florida Action"). Nevada 5 subsequently amended its complaint on October 4, 2019, dropping a co-plaintiff and adding Debtor Hygea Health Holdings, Inc. ("Hygea Health") and Bridging Finance Inc. as additional defendants.

6. On December 14, 2019, Nevada 5 served discovery requests on Debtor Hygea Health seeking documents relevant to Nevada 5's claims against all defendants in the Florida Action. This discovery is essential to Nevada 5's claims against the non-debtor defendants. These requests remain pending.

7. On February 10, 2020, the Court in the Florida Action entered an order dismissing some of the claims in Nevada 5's First Amended Complaint without prejudice (denying the Motion to Dismiss with respect to other claims) and directing Nevada 5 to file a Second Amended Complaint within twenty days (by March 2, 2020). A copy of the Court's order is attached as **Exhibit A**.

8. Debtor Hygea Health is one of thirteen (13) defendants in the Florida Action. In its Second Amended Complaint, Nevada 5 will re-assert claims against all thirteen (13) defendants. The Second Amended Complaint will not add any additional counts against Debtor Hygea Health.

9. On February 19, 2020, Debtors filed for Chapter 11 bankruptcy. At the same time, debtors filed a motion seeking joint administration of their cases.

10. Nevada 5 acknowledges that the automatic stay bars enforcement or prosecution of claims against Debtors absent court-approved relief from the stay. To that end, Nevada 5 does not seek to prosecute or otherwise pursue claims against Debtor Hygea Health in the Florida Action until this Court permits Nevada 5 to do so. Nevada 5 seeks an order from this Court confirming that it may file the Second Amended Complaint in order to continue its prosecution of claims against the twelve (12) non-debtor defendants, and to conduct discovery.

## Basis for Emergency Relief from Stay

11. 11 U.S.C. § 362(d)(1) provides that the Court shall grant relief from the stay for "cause." "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

12. To comply with the Court's order in the Florida Action, Nevada 5 must file a Second Amended Complaint against the Florida Action defendants, including Debtor Hygea Health, on or before March 2, 2020.

13. Without emergency assistance from this Court, Nevada 5 is in a no-win situation. Failure to timely file its Second Amended Complaint could jeopardize the Florida Action. On the other hand, filing the Second Amended Complaint with amended or re-asserted claims against Debtor Hygea Health without authorization from this Court could be characterized as a stay violation, which could render Nevada 5's Second Amended Complaint void. *See In re Siciliano*, 13 F. 3d 748, 750 (3d. Cir. 1994) (noting the "general principle that any creditor action taken in violation of an automatic stay is void *ab initio*.")

14. Nevada 5 will be subject to substantial risk of irreparable harm in the absence of an order from this Court granting it stay relief to file its Second Amended Complaint in the Florida Action in order to continue its prosecution of claims against the non-debtor defendants.

15. Accordingly, pursuant to 11 U.S.C. § 362(d)(1), cause exists for modification of the automatic stay as to Nevada 5 to allow Nevada 5 to file its Second Amended Complaint against the Debtor in the Florida Action.

16. Additionally, to the extent necessary, Nevada 5 requests stay relief from the Court modifying the automatic stay to allow Nevada 5 to pursue its pending discovery from Debtor Hygea Health for purposes of litigating its claims against the non-debtor defendants in the Florida Action. To be clear, Nevada 5 does not believe the automatic stay bars such discovery for purposes of pursuing non-debtor entities but seeks such relief out of an abundance of caution. *See, e.g.*, *In re Miller*, 262 B.R. 499, (B.A.P. 9th Cir. 2001) (automatic stay did not protect Chapter 13 debtor from having to comply with discovery requests in multi-defendant case in which she was one of

the defendants, so long as the discovery requests pertained only to claims against non-debtor defendants); *In re Hillsborough Holdings Corp.*, 130 B.R. 603 (Bankr. M.D. Fla. 1991) (granting motion for relief from the automatic stay in order to permit discovery from debtor pertaining to claims against non-debtor); *In the Matter of Lengacher*, 485 B.R. 380, 382 (Bankr. N.D. Ind. 2012) ("[T]he stay does not prohibit discovery from debtors in connection with litigation against non-debtors").

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, Nevada 5 requests that the Court enter an order modifying the automatic stay of § 362(a) as to Nevada 5 to allow Nevada 5 to file its Second Amended Complaint against the Debtor and to pursue its pending discovery from Debtor Hygea Health in the Florida Action.

| | |
|---|---|
| Dated: February 24, 2020<br>Wilmington, Delaware | GELLERT SCALI BUSENKELL & BROWN, LLC<br><br>*/s/ Michael Busenkell*<br>Michael Busenkell (DE 3933)<br>Ronald S. Gellert (DE 4259)<br>Holly M. Smith (DE 6497)<br>1201 North Orange Street, Suite 300<br>Wilmington, Delaware 19801<br>Telephone: (302) 425-5800<br>Facsimile: (302) 425-5814<br>Email: mbusenkell@gsbblaw.com<br>         rgellert@gsbblaw.com<br>         hmegansmith@gsbblaw.com<br><br>-and-<br><br>CARLTON FIELDS<br>Donald R. Kik (*pro hac vice*)<br>Alan Rosenthal<br>Natalie Carlos<br>100 S.E. Second Street, Suite 4200<br>Miami, FL 33131<br>Telephone: (305) 530-0500<br>Facsimile: (305) 530-0055<br>Email: dkirk@carltonfields.com<br>         arosenthal@carltonfields.com<br>         ncarlos@carltonfields.com<br><br>*Attorneys for Nevada 5, Inc.* |