IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :  Chapter 11
                                                             :
                                                             :  Case No. 20-10361 (KBO)
HYGEA HOLDINGS CORP., *et al.*,                              :
                                                             :  (Jointly Administered)
             Debtors.[1]                                     :  **Hrg. Date: 3/24/20 at 2:00 p.m. (ET)**
                                                             :  **Obj. Deadline: 3/13/20 at 4:00 p.m. (ET)**
                                                             :
------------------------------------------------------------ x

## DEBTORS' MOTION FOR ORDER (I) ESTABLISHING BAR DATES FOR FILING CLAIMS AGAINST THE DEBTORS AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF

Hygea Holdings Corp. and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby move (this "Motion") this Court for entry of an order substantially in the form attached hereto as Exhibit I (the "Bar Date Order"), pursuant to sections 105(a), 501, 502, 503 and 1111(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1009-2 and 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: All Care Management Services, Inc. (6484); First Harbour Health Management, LLC (0941); First Harbour Medical Centers, LLC (3861); Florida Group Healthcare LLC (7956); Gemini Healthcare Fund, LLC (4928); Hygea Acquisition Longwood, LLC (1649); Hygea Acquisition Orlando, LLC (3507); Hygea Health Holdings, Inc. (8926); Hygea Holdings Corp. (2605); Hygea IGP of Central Florida, Inc. (9453); Hygea IGP, LLC (7724); Hygea Medical Centers of Florida, LLC (5301); Hygea Medical Partners, LLC (4486); Hygea of Delaware, LLC (4830); Hygea of Georgia, LLC (5862); Hygea of Pembroke Pines, LLC (6666); Hygea Primum Acquisition, Inc. (8567); Medlife Activity Center, LLC (2311); Mobile Clinic Services, LLC (9758); Palm A.C. MSO, LLC (2585); Palm Allcare Medicaid MSO, Inc. (6956); Palm Allcare MSO, Inc. (0319); Palm Medical Group, Inc. (5028); Palm Medical MSO LLC (7738); Palm Medical Network, LLC (9158); Palm MSO System, Inc. (2178); Palm PGA MSO, Inc. (8468); Physician Management Associates East Coast, LLC (7319); Physician Management Associates SE, LLC (3883); Physicians Group Alliance, LLC (7824); Primum Alternatives, Inc. (7441); Primum Healthcare, LLC (0157); and Professional Health Choice, Inc. (6850). The address of the Debtors' corporate headquarters is 8700 W Flagler Street, Suite 280, Miami, FL 33174.

District of Delaware (the "Local Rules"), (i) establishing deadlines for filing claims[2] against the Debtors in the Chapter 11 Cases (as defined below) and (ii) approving the form and manner of notice thereof. In support of this Motion, the Debtors represent as follows:

## RELIEF REQUESTED

1. By this Motion, the Debtors seek entry of an order establishing deadlines for filing proofs of claim ("Proofs of Claim") in the Chapter 11 Cases and approving the form and manner of notice thereof, as follows:

   a. the Debtors propose to establish May 6, 2020 at 5:00 p.m. (Eastern Time) (the "General Bar Date"), as the deadline for all persons and entities,[3] other than governmental units,[4] holding a claim against the Debtors arising (or deemed to arise) on or before the Petition Date (as defined below), including claims arising under section 503(b)(9) of the Bankruptcy Code, to file proofs of claim in the Chapter 11 Cases;

   b. the Debtors propose to establish August 17, 2020 at 5:00 p.m. (Eastern Time) (the "Governmental Bar Date"), as the deadline for governmental units holding a claim against the Debtors arising (or deemed to arise) on or before the Petition Date to file proofs of claim in the Chapter 11 Cases;

   c. the Debtors propose to establish the later of (i) the General Bar Date or (ii) twenty-one (21) days from the date notice is served alerting a creditor of the amendment to the Debtors' schedules of assets and liabilities (the "Schedules") affecting such creditor's claim, as the bar date (the "Amended Schedules Bar Date") for filing a proof of claim with respect to such amended claim; and[5]

   d. the Debtors propose that proofs of claim for any rejection damages arising from the rejection of any unexpired lease or executory contract of a Debtor (an "Agreement") during the Chapter 11 Cases be filed by the later of

---

[2] As used herein, the term "claim" shall have the meaning ascribed to such term in section 101(5) of the Bankruptcy Code.

[3] As used herein, the terms "person" and "entity" shall have the meanings ascribed to such terms in sections 101(41) and 101(15) of the Bankruptcy Code, respectively.

[4] As used herein, the term "governmental unit" shall have the meaning ascribed to such term in section 101(27) of the Bankruptcy Code.

[5] The imposition of the Amended Schedules Bar Date is consistent with Local Rule 1009-2, which provides a creditor with twenty-one (21) days to file a proof of claim after the date that notice of the applicable amendment is served on such creditor.

2

(i) 30 days after the effective date of rejection of such Agreement as provided by an order of this Court or pursuant to a notice under procedures approved by this Court, (ii) any date set by another order of this Court, or (iii) the General Bar Date or the Governmental Bar Date, whichever is applicable (the "Rejection Bar Date", and collectively with the General Bar Date, the Governmental Bar Date, and the Amended Schedule Bar Date, the "Bar Dates").  Except as further set forth herein, proofs of claim for any other claims that arose prior to the Petition Date with respect to a contract or lease must be filed by the General Bar Date.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are sections 105(a), 501, 502, 503, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 1009-2 and 2002-1(e).

## BACKGROUND

5. On February 19, 2020 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Chapter 11 Cases are being jointly administered.  The factual background regarding the Debtors, including their business operations, their capital and debt structure, and

the events leading to the filing of the Chapter 11 Cases, is set forth in the *Declaration of Keith Collins, M.D. in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 13].

6. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7. To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

## ESTABLISHMENT OF THE BAR DATES

8. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in chapter 11 cases and provides in relevant part that: "[t]he court shall fix and for cause shown may extend the time within which proofs of claim . . . may be filed." Fed. R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that all parties-in-interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code, which provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file proofs of claim). The Court has authority to grant the relief requested in this Motion in furtherance of Bankruptcy Rule 3003 and under section 105(a) of the Bankruptcy Code, which empowers bankruptcy courts to enter "any order, process, or judgment that is necessary or appropriate" to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a).

9. Contemporaneously with this Motion, the Debtors are filing the *Debtors' Motion for Order Extending the Time for Debtors to File Schedules and Statements* ("Schedules and

60437/0001-19857112v3

Statements Motion"), seeking an extension of the period within which the Debtors must file their Schedules and statements of financial affairs (collectively, the "Schedules and Statements"), through and including April 1, 2020.  As part of the relief requested in this Motion, the Debtors propose to serve upon all parties in interest with a notice of the General Bar Date, substantially in the form attached to the Bar Date Order as Exhibit A (the "Bar Date Notice"), within three (3) business days after the Debtors file their Schedules and Statements.  For example, if the Schedules and Statements Motion is granted and the Debtors file their Schedules and Statements on April 1, 2020, the Debtors would be required to serve the Bar Date Notice by April 6, 2020, which date is thirty (30) days from the proposed General Bar Date.  Creditors, therefore, would have ample time (indeed at least nine (9) days more than required under Bankruptcy Rule 2002(a)(7)) to review the Schedules and their own records to determine whether to file a proof of claim.

10. **General Bar Date**. The Debtors request that the Court establish **May 6, 2020 at 5:00 p.m. (Eastern Time**) as the General Bar Date.  The Debtors intend to give notice of the General Bar Date by serving the Bar Date Notice on all parties in interest within three (3) business days after the Debtors file their Schedules and Statements (the "Service Date"), by mailing a copy of the Bar Date Notice, together with a proof of claim form substantially in the form attached to the Bar Date Order as Exhibit B (the "Proof of Claim Form"),[6] to all known persons and entities holding potential claims against the Debtors.  The General Bar Date was carefully selected to ensure that potential creditors receive no fewer than thirty (30) notice after the Service Date to file a claim in the Chapter 11 Cases.

---

[6] The Proof of Claim Form is substantially in the form of Official Bankruptcy Form 410, but has been modified, and may be further modified in certain limited respects, to accommodate the claims process in the Chapter 11 Cases.

11. The General Bar Date would be the date by which all persons and entities, excluding governmental units, holding or asserting prepetition claims against the Debtors must file a Proof of Claim Form unless they fall within one of the exceptions set forth in this Motion. Subject to these exceptions, the General Bar Date would apply to all persons or entities, including without limitation general unsecured creditors and creditors holding claims under section 503(b)(9) of the Bankruptcy Code, asserting a claim against the Debtors that arose or is deemed to have arisen on or prior to the Petition Date.

12. The Debtors propose to send a Proof of Claim Form to, among others, all persons or entities scheduled on the Debtors' Schedules. When sent to a scheduled creditor, the Proof of Claim Form will be customized to specify (a) the amount of the scheduled claim, if any; (b) whether the claim is listed as disputed, contingent or unliquidated; (c) whether the claim is listed as a secured, priority or general unsecured claim; and (d) the identity of the Debtor against which the person or entity's claim is scheduled. To the extent a creditor disagrees with the information on the customized Proof of Claim Form, the creditor should make the necessary changes to the information on the pre-printed form regarding such claim.

13. **Inclusion of Section 503(b)(9) Claims in the General Bar Date**. The Debtors also propose that the filing of a Proof of Claim be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code (which, despite the administrative priority status, are prepetition claims). The Debtors anticipate few, if any, section 503(b)(9) claims will be filed in the Chapter 11 Cases and, therefore, includes such claims in the General Bar Date as a precaution.

14. Any claimant asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim") must (i) complete the appropriate box in the Proof of Claim

6

Form and, thereby, identify the amount of such claim believed to be entitled to administrative expense priority treatment under section 503(b)(9) of the Bankruptcy Code and (ii) attach documentation supporting such claim.  To the extent that a claimant fails to identify the existence and amount of its 503(b)(9) Claim on the Proof of Claim Form, the claim will not be regarded as a 503(b)(9) Claim, and the claim will not be entitled to priority treatment under section 503(b)(9) of the Bankruptcy Code.

15. **Governmental Bar Date**.  Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide … ." 11 U.S.C. § 502(b)(9).  The Debtors propose to establish **August 17, 2020 at 5:00 p.m. (Eastern Time)**, as the Governmental Bar Date.  Pursuant to Bankruptcy Rule 3003(c) and section 502(b)(9) of the Bankruptcy Code, the Debtors request that any governmental units that are creditors holding or wishing to assert claims arising (or deemed to arise) on or before the Petition Date against the Debtors be required to file, on or before the Governmental Bar Date, a Proof of Claim Form on account of any such claims in accordance with the procedures set forth herein.

16. **Amended Schedules Bar Date**.  In accordance with Local Rule 1009-2, if the Debtors amend their Schedules to change the amount, nature, classification or characterization of a claim, the Debtors propose that the affected claimant be required to file a Proof of Claim Form or amend any previously filed proof of claim with respect to the amended scheduled claim on or before the later of (i) the General Bar Date or (ii) twenty-one (21) days from the date notice is served alerting the affected creditor of the amendment to the Schedules.  If the Debtors amend the Schedules with respect to the claim of a governmental unit, the governmental unit will be

7

given until the later of (a) the Governmental Bar Date or (b) twenty-one (21) days from the date notice is served alerting the affected governmental unit of the amendment to the Schedules to file a Proof of Claim Form or to amend any previously filed proof of claim with respect to the amended scheduled claim.

17. **Rejection Bar Date**. In the event that the Debtors reject any Agreements prior to the confirmation of a chapter 11 plan, the Debtors anticipate that certain persons or entities may assert claims in connection with the Debtors' rejection such Agreements ("Rejection Damages Claims"). The Debtors propose that the Court establish the Rejection Bar Date as the deadline for filing Proofs of Claim for any Rejection Damages Claims.

### PARTIES REQUIRED TO FILE PROOF OF CLAIM FORMS

18. The proposed Bar Date Order provides that each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust, or governmental unit) asserting a claim against the Debtors is required to file a Proof of Claim Form in the Chapter 11 Cases.

19. Each Proof of Claim Form must be *actually received* on or before the applicable Bar Date associated with such claim by Epiq Corporate Restructuring, LLC, the Court-approved claims and noticing agent in the Chapter 11 Cases (the "Claims Agent" or "Epiq"). Proofs of Claim must be filed by: (a) mailing the original Proof of Claim by regular mail to Hygea Holdings Corp., c/o Epiq Corporate Restructuring, LLC, P.O. Box 4419, Beaverton, Oregon 97076-4419 (b) delivering such original Proof of Claim by overnight mail, courier service, hand delivery or in person to Hygea Holdings Corp., c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, Oregon 97005 or (iii) completing the electronic Proof of Claim Form (an "Electronic Proof of Claim") available at https://epiqworkflow.com/cases/hyg. **Proof**

**of Claim Forms will be deemed timely filed only if <u>actually received</u> by Epiq on or before the applicable Bar Date.**

## CLAIMS NOT SUBJECT TO THE BAR DATE ORDER

20. The Debtors propose that persons and entities wishing to assert the following types of claims against the Debtors need not file a Proof of Claim Form:

(a) Claims on account of which a Proof of Claim Form already has been properly filed with either Epiq or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware against the Debtors;

(b) Claims listed in the Debtors' Schedules filed with the Court, or in any supplements or amendments to the Schedules, (i) that are *not* identified as "contingent," "unliquidated" or "disputed"; and (ii) with respect to which the claimant agrees with the amount, nature, classification and characterization of the claim as set forth in the Schedules;

(c) Administrative claims arising under sections 503(b)(1) through (8) and 507(a)(2) of the Bankruptcy Code;

(d) Claims of the Debtors against other Debtors;

(e) Claims against non-Debtor affiliates;

(f) Claims by current directors, officers and employees of the Debtors for indemnification, contribution or reimbursement;

(g) Claims previously allowed or paid pursuant to an order of the Court; and

(h) Claims specifically exempted from the General Bar Date pursuant to a separate order of the Court in full force and effect.

## NO REQUIREMENT TO FILE PROOFS OF INTEREST

21. The Debtors also propose that any holder of an interest in the Debtors (each, an "<u>Interest Holder</u>"), which interest is based solely upon the ownership of common or preferred stock, warrants, options or rights to purchase, sell or subscribe to such a security or interest, of the Debtors (an "<u>Interest</u>"), not be required to file a proof of Interest based solely on account of such Interest Holder's ownership interest in the Debtors; *provided*, *however*, that any Interest Holder who wishes to assert a claim against the Debtors, including for damages arising from the

9

purchase, sale, issuance or distribution of such an Interest, must file a Proof of Claim Form on or before the General Bar Date.

## **EFFECT OF FAILURE TO FILE PROOF OF CLAIM FORM**

22.     The Debtors propose that any person or entity that is required to file a Proof of Claim Form in the form and manner specified in the Bar Date Order and that fails to do so on or before the applicable Bar Date: (i) will be forever barred, estopped and enjoined from asserting such claim against the Debtors, their estates or the property of the estates, or thereafter filing a Proof of Claim Form with respect thereto in the Chapter 11 Cases; (ii) will not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting upon any plan in these proceedings; and (iii) will not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim.

## **PROPOSED PROCEDURES FOR PROVIDING NOTICE OF BAR DATES AND OF PROCEDURES FOR FILING PROOF OF CLAIM FORMS**

23.     As set forth above, the Debtors intend to mail the Bar Date Notice, together with a Proof of Claim Form, substantially in the form attached to the Bar Date Order as Exhibit B, by first-class mail to all known persons and entities holding potential prepetition claims against the Debtors.[7]  In addition, the Debtors intend to provide notice of the Bar Dates to unknown creditors by causing a notice, substantially in the form attached to the Bar Date Order as Exhibit C (the "Publication Notice"), to be published one time in the national edition of either *The Wall Street Journal*, *The New York Times* or *USA Today*, no later than ten (10) business days after the date of service of the Bar Date Order.  In the Debtors' judgment, the proposed

---

[7]  The Bar Date Order, Bar Date Notice and Proof of Claim Form also will be accessible on Epiq's website: https://dm.epiq11.com/hygea.

publication is likely to reach the widest possible audience of creditors who may not otherwise have notice of the Chapter 11 Cases.

24.     The Bar Date Notice and Publication Notice will: (i) set forth the Bar Dates; (ii) advise creditors under what circumstances they must file a Proof of Claim Form under Bankruptcy Rules 3002(c)(2) and 3003(c)(3) or an order of the Court, as applicable; (iii) alert creditors to the consequences of failing to timely file a Proof of Claim Form, as set forth in Bankruptcy Rule 3003(c)(2) or an order of the Court, as applicable; (iv) set forth the address to which Proof of Claim Forms must be sent for filing; and (v) notify creditors that Proof of Claim Forms must (a) be filed with original signatures, (b) be written in English, (c) be denominated in lawful currency of the United States, (d) state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted, (e) attach any documents on which the claim is based or an explanation as to why such documents are not available, and (f) not be transmitted by facsimile, telecopy, e-mail or other electronic means (except for an Electronic Proof of Claim), or such forms will not be deemed timely filed.  The Debtors submit that the Bar Date Notice and the Publication Notice will provide creditors with sufficient information to file properly prepared and executed Proof of Claim Forms in a timely manner.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

25.     In conjunction with the setting of the Bar Dates, the Debtors must ensure that interested parties receive appropriate notice of such Bar Dates.  To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.  *See Chemetron Corp. v. Jones*, 72 F.3d 341, 345-46 (3d Cir. 1995).  As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and claims bar date.  For unknown claimants, notification by publication will generally suffice." *Id.* at 346 (citations omitted).  A "known" creditor is one

11

whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Chemetron*, 71 F.3d at 346 (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950)) (alteration in original).

26. In defining the efforts required to identify "known" creditors, the Third Circuit stated:

> Precedent demonstrates that what is required is not a vast, open-ended investigation . . . . The requisite search instead focuses on the debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required. Only those claimants who are identifiable through a diligent search are "reasonably ascertainable" and hence "known" creditors.

*Chemetron*, 72 F.3d at 346-47 (citations omitted). As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a given case.'" *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citing *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir. 1989)).

27. The Debtors submit that the proposed notice procedures satisfy the *Chemetron* standard. The Debtors have identified those persons and entities that are known to the Debtors to hold claims against the Debtors or are likely to be potential holders of claims, and all such persons and entities will be served with notice of the Bar Date Order as set forth herein.

28. The procedures described herein provide creditors with both sufficient notice and opportunity to file a Proof of Claim Form. Indeed, the proposed procedures are designed to achieve the twin goals of providing comprehensive notice and clear instructions to creditors on

the one hand, and allowing the Chapter 11 Cases to move forward promptly and efficiently on the other hand.  Accordingly, the Debtors submit that approval of the Bar Dates and the proposed procedures for filing Proof of Claim Forms and the form, manner and sufficiency of notice of such procedures is proper and in the best interests of the Debtors, their estates and all parties-in-interest.

## NOTICE

29. Notice of this Motion will be given to: (a) the U.S. Trustee; (b) counsel to the Debtors' prepetition secured lender; (c) the parties included on the Debtors' consolidated list of their 40 largest unsecured creditors; and (d) all parties entitled to notice pursuant to Local Rule 2002-1(b).  The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

30. No previous request for the relief sought herein has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Bar Date Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
February 28, 2020

        COLE SCHOTZ P.C.

        */s/ J. Kate Stickles*
        J. Kate Stickles (I.D. No. 2917)
        500 Delaware Avenue, Suite 1410
        Wilmington, Delaware 19801
        Telephone: (302) 652-3131
        Facsimile: (302) 652-3117
        kstickles@coleschotz.com

        – and –

        Michael D. Sirota (admitted *pro hac vice*)
        Felice R. Yudkin (admitted *pro hac vice*)
        Jacob S. Frumkin (admitted *pro hac vice*)
        Michael Trentin (admitted *pro hac vice*)
        25 Main Street
        Hackensack, New Jersey 07601
        Telephone: (201) 489-3000
        Facsimile: (201) 489-3479

        *Proposed Counsel for Debtors and*
        *Debtors-in-Possession*