**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
In re:                                                     :   Chapter 11
                                                           :
HYGEA HOLDINGS CORP., *et al.*,                            :   Case No. 20-10361 (KBO)
                                                           :
                                                           :   (Jointly Administered)
Debtors.[1]                                                :
                                                           :   **Related to Docket Nos. 121, 382 and 383**
---------------------------------------------------------- x

**ORDER (A) APPROVING DISCLOSURE STATEMENT;
(B) SCHEDULING HEARING ON CONFIRMATION OF PLAN; (C) ESTABLISHING
DEADLINES AND PROCEDURES FOR (I) FILING OBJECTIONS TO
CONFIRMATION OF PLAN, (II) CLAIM OBJECTIONS AND (III) TEMPORARY
ALLOWANCE OF CLAIMS FOR VOTING PURPOSES; (D) DETERMINING
TREATMENT OF CLAIMS FOR NOTICE, VOTING AND DISTRIBUTION
PURPOSES; (E) SETTING RECORD DATE; (F) APPROVING (I) SOLICITATION
PACKAGES AND PROCEDURES FOR DISTRIBUTION, (II) FORM OF NOTICE OF
HEARING ON CONFIRMATION AND RELATED MATTERS AND (III) FORMS OF
BALLOTS; (G) ESTABLISHING VOTING DEADLINE AND PROCEDURES
FOR TABULATION OF VOTES; AND (H) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to

sections 105(a), 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1532 (the "Bankruptcy Code"), Rules 2002, 3003, 3017, 3018, 3020 and 9006 of the Federal

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: All Care Management Services, Inc. (6484); First Harbour Health Management, LLC (0941); First Harbour Medical Centers, LLC (3861); Florida Group Healthcare LLC (7956); Gemini Healthcare Fund, LLC (4928); Hygea Acquisition Longwood, LLC (1649); Hygea Acquisition Orlando, LLC (3507); Hygea Health Holdings, Inc. (8926); Hygea Holdings Corp. (2605); Hygea IGP of Central Florida, Inc. (9453); Hygea IGP, LLC (7724); Hygea Medical Centers of Florida, LLC (5301); Hygea Medical Partners, LLC (4486); Hygea of Delaware, LLC (4830); Hygea of Georgia, LLC (5862); Hygea of Pembroke Pines, LLC (6666); Hygea Primum Acquisition, Inc. (8567); Medlife Activity Center, LLC (2311); Mobile Clinic Services, LLC (9758); Palm A.C. MSO, LLC (2585); Palm Allcare Medicaid MSO, Inc. (6956); Palm Allcare MSO, Inc. (0319); Palm Medical Group, Inc. (5028); Palm Medical MSO LLC (7738); Palm Medical Network, LLC (9158); Palm MSO System, Inc. (2178); Palm PGA MSO, Inc. (8468); Physician Management Associates East Coast, LLC (7319); Physician Management Associates SE, LLC (3883); Physicians Group Alliance, LLC (7824); Primum Alternatives, Inc. (7441); Primum Healthcare, LLC (0157); and Professional Health Choice, Inc. (6850). The address of the Debtors' corporate headquarters is 8700 W Flagler Street, Suite 280, Miami, FL 33174.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the Plan (as defined below), as applicable.

2

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) approving a disclosure statement; (b) scheduling a hearing on confirmation of a plan; (c) establishing deadlines and procedures for (i) filing objections to confirmation of the plan, (ii) claim objections, and (iii) temporary allowance of claims for voting purposes; (d) determining treatment of claims for notice, voting and distribution purposes; (e) setting a record date; (f) approving (i) solicitation packages and procedures for distribution, (ii) the form of notice of the hearing on confirmation and related matters and (iii) forms of ballots; (g) establishing a voting deadline and procedures for tabulation of votes; and (h) granting related relief; and the Debtors having filed the First Amended Joint Chapter 11 Plan of Reorganization of Hygea Holdings Corp. and its Affiliated Debtors [Docket No. 382-1] (as may be amended, supplemented or otherwise modified, the "Plan") and the First Amended Disclosure Statement with Respect to First Amended Joint Chapter 11 Plan of Reorganization of Hygea Holdings Corp. and its Affiliated Debtors [Docket No. 383-1] (the "Disclosure Statement"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and all objections to the Disclosure Statement having been withdrawn or overruled for the reasons stated on the record at the hearing to consider approval of the Disclosure Statement and on the Motion; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all other parties in interest; and this Court having determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Disclosure Statement is hereby APPROVED in all respects pursuant to 11 U.S.C. § 1125 and Fed. R. Bankr. P. 3017(b).

3. Confirmation Hearing Date. The hearing (the "Confirmation Hearing") to consider confirmation of the Plan shall commence on **June 12, 2020 at 10:00 a.m. (ET)** (the "Confirmation Hearing Date"), or as soon thereafter as counsel can be heard before the Honorable Karen B. Owens, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom No. 3, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time by way of announcement of such continuance in open court or otherwise, without further notice to parties in interest.

4. Deadline and Procedures for Filing Objections to Confirmation. The deadline for filing and serving objections to confirmation of the Plan (the "Plan Objection Deadline") shall be **June 5, 2020 at 4:00 p.m. (ET)**. In order to be considered, objections, if any, to confirmation of the Plan must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtors, their estates or property; (d) state with particularity the legal and factual bases and nature of any objection to the Plan; and (e) be filed with the Court, and served on the following parties (collectively, the

"Notice Parties"), so as to be received on or before the Plan Objection Deadline: (a) counsel to the Debtors, Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: J. Kate Stickles, Esq. (kstickles@coleschotz.com) and 25 Main Street, Hackensack, NJ 07601, Attn: Felice R. Yudkin, Esq. (fyudkin@coleschotz.com); (b) counsel to the Official Committee of Unsecured Creditors, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Robert M. Hirsh, Esq. (rhirsh@lowenstein.com) and John P. Schneider, Esq. (jschneider@lowenstein.com) and One Lowenstein Drive, Roseland, NJ 07068, Attn: Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com) and Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801, Attn: Eric J. Monzo, Esq. (emonzo@morrisjames.com) and Brya M. Keilson, Esq. (bkeilson@morrisjames.com); (c) counsel to the Debtors' prepetition secured lender and DIP lender, DLA Piper LLP (US), 1251 Avenue of the Americas, New York New York 10020, Attn: Thomas R. Califano, Esq. (thomas.califano@dlapiper.com) and 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131, Attn: Rachel Nanes, Esq. (rachel.nanes@dlapiper.com); and (d) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Timothy J. Fox, Jr., Esq. (Timothy.Fox@usdoj.gov). Confirmation objections shall be filed and served so as to be received by the Notice Parties no later than the Plan Objection Deadline. Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of the prior paragraph may not be considered by the Court and may be overruled.

5. <u>Deadline for Filing Briefs in Support or in Opposition to Confirmation of the Plan</u>. The deadline for filing and serving briefs in support or in opposition to the Plan shall be **June 9, 2020**.

6. <u>Deadline for Objections to Claims for Voting Purposes Only</u>. The deadline for filing and serving objections to claims that may affect the tabulation of votes on the Plan ("<u>Claims Objections</u>") shall be **May 20, 2020 at 4:00 p.m. (ET)** (the "<u>Claims Objection Deadline</u>"). Claim Objections are permitted to be filed after the Claims Objection Deadline and before any other deadline for Claims objections that may be set by the Court under the Plan or otherwise, and such Claim objections shall not affect a claim holder's right to vote on the Plan.

7. In order to be considered, Claims Objections must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) state the name and address of the party asserting the Claims Objection; (d) state with particularity the legal and factual bases for the Claims Objection; and (e) be filed with the Court, and served on the Notice Parties, so as to be received no later than the Claims Objection Deadline. Claims Objections not timely filed and served in accordance with the foregoing provision may not be considered by the Court and may be overruled.

8. <u>Deadline and Procedures for Temporary Allowance of Claims for Voting Purposes</u>. The deadline for filing and serving motions pursuant to Bankruptcy Rule 3018(a) seeking temporary allowance of claims for the purpose of accepting or rejecting the Plan ("<u>Rule 3018(a) Motions</u>") shall be **May 27, 2020 at 4:00 p.m. (ET)** (the "<u>Rule 3018(a) Motion Deadline</u>").

9. In order to be considered, Rule 3018(a) Motions must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) state the name and address of the party asserting the Rule 3018(a) Motion; (d) state with particularity the legal and factual bases for the Rule 3018(a) Motion; and (e) be filed with the Court, and served on the Notice Parties, so as to be received no later than the Rule 3018(a) Motion Deadline. Rule

3018(a) Motions not timely filed and served in accordance with the foregoing provision may not be considered by the Court and may be overruled.

10. Any party timely filing and serving a Rule 3018(a) Motion shall be provided a Ballot (as defined below) and shall be permitted to cast a provisional vote to accept or reject the Plan, pending a final determination by the Court. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Confirmation Hearing, such Rule 3018(a) Motion shall be considered by the Court at the Confirmation Hearing, and the Court shall determine whether the provisional ballot should be counted as a vote on the Plan, and, if so, the amount, if any, in which the party filing the Rule 3018(a) Motion will be entitled to vote.

11. <u>Voting Procedures</u>. For purposes of voting the Debtors will use the following hierarchy for purposes of determining the amount of a claim used to calculate acceptance or rejection of the Plan under section 1126 of the Bankruptcy Code, and the following conditions for purposes of determining the voting amounts and/or classifications:

    a. if a Claim is deemed Allowed under the Plan, an order of the Court or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

    b. if a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Voting Agent) and such Claim has not been Allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

    c. if a Claim, for which a Proof of Claim was timely filed, is listed as contingent, unliquidated or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

    d.  if a Claim for which a proof of claim was timely filed or was listed in the Debtors' filed Schedules in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting in the amount set forth on the Proof of Claim or the Debtors' filed Schedules;

    e.  if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

    f.  if a Claim is listed in the Debtors' Schedules as contingent, unliquidated, disputed or for $0.00 and a Proof of Claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline; such Claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00.

    g.  proofs of claim filed for $0.00 are not entitled to vote;

    h.  if the Debtors have served an objection or request for estimation as to a Claim at least fourteen (14) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

    i.  for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

    j.  notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

    k.  If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Record Date, the later filed amending Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended Claim.  Except as otherwise ordered by the Court, any amendments to Proof of Claim after the Record Date shall not be considered for purposes of these tabulation rules.

7

12. <u>Record Date</u>.  The record date for purposes of determining (a) creditors and equity holders entitled to receive Solicitation Packages and related materials, if any, and (b) creditors entitled to vote to accept or reject the Plan and the creditors' corresponding claims, shall be **May 6, 2020** (the "<u>Record Date</u>").

13. <u>Notice and Transmittal of Solicitation Packages Including Ballots and Non-Voting Packages</u>.  By **May 11, 2020** or as soon as reasonably practicable thereafter, the Debtors shall mail or cause to be mailed by first-class mail to all of their known creditors and equity security holders, as reflected in the Debtors' books and records, and all other entities required to be served under Bankruptcy Rules 2002 and 3107, notice of, *inter alia*, the Confirmation Hearing substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Confirmation Hearing Notice</u>"), which form is hereby approved.

14. <u>Non-Voting Packages</u>.  The Debtors shall mail or cause to be mailed by first-class mail to (a) holders of claims in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims) under the Plan, which classes are unimpaired, are deemed to have accepted the Plan and are not entitled to vote, a copy of the Notice Of Non-Voting Status With Respect To Unimpaired Classes, substantially in the form attached hereto as <u>Exhibit B-1</u>; and (b) holders of claims in Class 5 (Subordinated Claims) and interests in Class 6 (Equity Interests), which classes are impaired, are deemed to have rejected the Plan and are not entitled to vote, a copy of the Notice Of Non-Voting Status With Respect To Impaired Classes, substantially in the form attached hereto as <u>Exhibit B-2</u> (each a "<u>Non-Voting Notice</u>" and, each Non-Voting Notice together with the Confirmation Hearing Notice, a "<u>Non-Voting Package</u>").  The Notice Of Non-Voting Status With Respect To Unimpaired Classes, substantially in the form of <u>Exhibit B-1</u>, and the Notice Of Non-Voting Status With Respect To Impaired Classes, substantially in the form of <u>Exhibit B-2</u>,

are hereby approved. Further, the Non-Voting Packages are hereby deemed to constitute adequate alternative disclosure statements to impaired non-voting classes under section 1125(c) of the Bankruptcy Code and summary plans under Bankruptcy Rule 3017(d).

15. <u>Solicitation Packages</u>. The Debtors shall mail or cause to be mailed by first-class mail to holders of claims in Class 3 (Bridging's Secured Claim) and Class 4 (General Unsecured Claims) under the Plan, who are entitled to vote on the Plan, an information and solicitation package (the "<u>Solicitation Package</u>")[3]. The Solicitation Package shall contain copies or conformed printed versions of: (i) the Disclosure Statement, including a copy of the Plan as <u>Exhibit A</u>; (ii) a copy of this Order (without exhibits); (iii) the Confirmation Hearing Notice; and (iv) solely with respect to the Solicitation Package for Class 4 (General Unsecured Claims), a letter from the Committee setting forth its recommendations with respect to the Plan. In addition, each Solicitation Package also shall contain a ballot (and a pre-addressed return envelope) appropriate for the specific creditor, in substantially the form of the proposed ballots attached hereto as <u>Exhibit C-1</u> and <u>Exhibit C-2</u> (as such ballots may be modified and with instructions attached thereto, the "<u>Ballots</u>"), which forms of Ballots are hereby approved.

16. <u>When No Notice or Transmittal Necessary</u>. Notwithstanding any provision of this Order to the contrary, no notice or service of any kind shall be required to be made upon any person or entity to whom the Debtors mailed a notice of the meeting of creditors under section 341 of the Bankruptcy Code or a notice of the bar date for filing proofs of claim and received either of such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved–left no forwarding address," "forwarding order expired" or similar marking

---

[3] Copies of the materials contained in the Solicitation Package (excluding the Confirmation Hearing Notice and the Ballots) may be provided on flash drive or CD-ROM at the Debtors' discretion; *provided, however*, that any party may request to receive paper copies of such materials from the Voting Agent at no cost to such party.

or reason, unless the Debtors have been informed in writing by such person or entity of its new address.

17. The Debtors shall not re-mail undelivered Solicitation Packages or other undeliverable solicitation-related notices that were returned marked "undeliverable as addressed," "moved–left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtors have been informed in writing by such person or entity of its new address.

18. Publication Notice.  The Debtors shall publish notice of the Confirmation Hearing, substantially in the form attached hereto as Exhibit D, once within ten (10) business days after the entry of the Solicitation Procedures Order in the national edition of *The Wall Street Journal*, *The New York Times* or *USA Today*.

19. Voting Deadline.  To be counted, Ballots for accepting or rejecting the Plan must be received by the Voting Agent by **4:00 p.m. (ET) on June 8, 2020** (the "Voting Deadline"). The Debtors are hereby authorized to extend, in their sole discretion, by oral or written notice to the Voting Agent, the period of time during which Ballots will be accepted for any reason from any creditor or class of creditors.

20. Procedures for Vote Tabulation; Votes Counted.  Any Ballot that is properly executed and timely received, and that is cast as either an acceptance or rejection of the Plan, shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.  The failure of a holder of a claim in Class 3 or Class 4 to timely deliver an executed Ballot shall be deemed to constitute an abstention by such holder with respect to voting on the Plan, and such abstention will not be counted as a vote for or against the Plan.

21. For purposes of the Record Date, no transfer of claims pursuant to Bankruptcy Rule 3001 shall be recognized unless either (i) (a) documentation evidencing such transfer was filed with the Court on or before twenty-one (21) days prior to the Record Date and (b) no timely objection with respect to such transfer was filed by the transferor; or (ii) the parties to such transfer waived the twenty-one (21) day period in the evidence of transfer and the evidence of transfer was docketed prior to the Record Date.

22. <u>Procedures for Vote Tabulation; Votes Not Counted</u>.  Unless otherwise ordered by the Court after notice and a hearing, the following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

    a. any Ballot received after the Voting Deadline (as may be extended by the Debtors as provided herein);

    b. any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

    c. any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

    d. any Ballot that indicates neither an acceptance nor a rejection, or indicates both an acceptance and rejection, of the Plan;

    e. any Ballot that casts part of its vote in the same class to accept the Plan and part to reject the Plan;

    f. any form of Ballot other than the official form sent by the Voting Agent, or a copy thereof;

    g. any Ballot received that the Voting Agent cannot match to an existing database record;

    h. any Ballot that does not contain an original signature;

    i. any Ballot that is submitted by facsimile, email or by other electronic means; or

    j. any Ballot sent to the Debtors' professionals.

11

23. Neither the Debtors, the Voting Agent nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots.

24. Subject to any contrary order of the Court and except as otherwise set forth herein, the Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Voting Agent.

25. Any Class that contains Claims entitled to vote, but for which no votes are received, shall be deemed to accept the Plan.

26. <u>Withdrawal of Vote or Opt-In Election</u>.  Any party who has delivered a valid Ballot for (i) the acceptance or rejection of the Plan and/or (ii) opting-in to the consensual third-party releases contained in the Plan (the "<u>Opt-In Election</u>") may withdraw, subject to the Debtors' right to contest the validity of such withdrawal, such acceptance or rejection of the Plan and/or Opt-In Election by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  A notice of withdrawal, to be valid, shall (a) contain the description of the claim(s) to which it relates and the aggregate principal amount represented by such claim(s), (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (c) contain a certification that the withdrawing party owns the claim(s) and possesses the right to withdraw the Ballot sought to be withdrawn, and (d) be timely received by the Voting Agent prior to the Voting Deadline.

27. <u>Changing Votes</u>.  Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots are cast voting the same claim(s) prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent with respect to acceptance or rejection of the Plan and thus supersede any prior Ballots, without prejudice to the

Debtors' right to object to the validity of the later Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first dated Ballot for all purposes.

28. <u>No Division of Claims or Votes</u>.  A creditor who votes must vote the full amount of each claim voted either to accept or reject the Plan; and each creditor who votes and holds multiple claims within a particular class must vote all such claims to either accept or reject the Plan.  The Ballots of creditors failing to vote in the manner specified in this paragraph shall not be counted for any purpose.

29. <u>Classes Deemed to Reject</u>.  The holders of claims in Class 5 and interests in Class 6 shall be deemed to have rejected the Plan, and the Debtors are not required to solicit votes on the Plan from such holders.

30. <u>Certification of Vote</u>.  The Voting Agent shall file its voting certification (the "<u>Voting Certification</u>") on or before **12:00 p.m. (ET) on June 9, 2020**.  The Debtors shall serve such Voting Certification on all parties having requested notice in the Chapter 11 Case pursuant to Bankruptcy Rule 2002, and post such Voting Certification on the Debtors' case website hygeatabulation@epiqglobal.com) as soon as practicable after the Voting Certification is filed.

31. <u>Filing of Plan Supplement(s)</u>.  The Debtors shall file any Plan Supplement(s) on or before **May 29, 2020**.

32. <u>Service and Notice Adequate and Sufficient</u>.  Service of all notices and documents described herein in the time and manner set forth herein shall constitute due, adequate and sufficient notice, and no other or further notice shall be necessary.

33. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, Ballots and related documents without further order of the Court, including,

13

without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other related materials prior to their mailing to parties in interest.

34. The Court shall retain jurisdiction to implement, interpret and effectuate the provisions of this Order.

*[Signature: Ka B. O.]*

Dated: May 5th, 2020
Wilmington, Delaware

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**